**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**LINDA BINGHAM**                                                                                    **PLAINTIFF**

**VS.**                                 **CIVIL ACTION NO.** 3:17-cv-893-HSO-LRA

**ASEMOTAS REAL ESTATE, LLC AND
SAMMY ASEMOTA, INDIVIDUALLY**                                        **DEFENDANTS**

**COMPLAINT
JURY TRIAL DEMANDED**

**COMES NOW** Plaintiff, Linda Bingham, individually and on behalf of all similarly situated individuals, by and through her attorneys, and files this Complaint against **ASEMOTAS REAL ESTATE, LLC AND SAMMY ASEMOTA, INDIVIDUALLY,** (hereinafter "Defendants"), pursuant to the Fair Labor Standards Act for unpaid overtime wages. The actions of Defendant constitutes a willful violation of the Fair Labor Standards Act.

**PARTIES**

1. The Plaintiff, Linda Bingham, is an adult female resident of Hinds County, Mississippi.

2. Defendant, Asemotas Real Estate, LLC, Registered Agent: Sammy O. Asemot, 404 Windsor Drive, Clinton, MS 39056.

3. Defendant, Sammy O. Asemota, is the owner of Asmotas Real Estate, LLC, 404 Windsor Drive, Clinton, MS 39056.

4. The Defendant falls within the definition of a covered employer as set out in Section 203 of the Fair Labor Standards Act.

**JURISDICTION**

5. Jurisdiction of this civil action is conferred by Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) and venue is proper in this Court.

6. This Court has federal question jurisdiction.

## FACTS

7. Plaintiff is a 56 year old African American female.

8. Plaintiff was hired as an Office manager with Mid-City Storage in June, 2000.

9. Mid-City Storage was purchased by Asemotas Real Estate, LLC in October, 2016.

10. Plaintiff's duties included collecting payment from the clients, overseeing the grounds, and renting units.

11. After the merger, Plaintiff entered into an oral agreement with Defendant, Sammy Asemota, Owner of Asemotas Real Estate, LLC, to continue as the Office Manager with Monument Storage and remain in the on-site residence.

12. The agreed upon rate of pay was bi-weekly salary of $1,400.

13. After working a month for the Defendant, Plaintiff inquired about getting paid. The Defendant told Plaintiff he did not make enough money to pay her.

14. Plaintiff was not paid for October, November or December, 2016.

15. Finally, in January, 2017, Plaintiff was given a check for $700.

16. Again, in February, Plaintiff was given a check for $700.

17. In March, 2017, Plaintiff was paid $700 in cash and in April, 2017, Plaintiff was paid $500 in cash.

18. After that, Plaintiff was not paid for the month of May, June, July or August, 2017.

19. The wages paid to Plaintiff from October, 2016 until July, 2017, totaled $2,600.

20. The agreement made between Plaintiff and the Defendant when the Defendant purchased the property, was that Plaintiff would be paid $1,400 bi-weekly.

21. Plaintiff would deliver the deposits to the Defendant either at his office in Clinton, or to the Liquar Store that he owned, or to the Barber Shop he owned as well.

22. On August 3, 2017, Bingham reported Asemotas Real Estate, LLC to the Department of Labor Wage and Hour Division.

23. After the investigator with the Department of Labor contacted Defendant, Mr. Asemotas on August 3, 2017, Plaintiff was given notice of termination and was told to vacate the premises within 48 hours. Plaintiff asked the Defendant to give her a week to move out and the Defendant said "no."

## **COUNT ONE - VIOLATION OF THE FAIR LABOR STANDARDS ACT**

24. Plaintiff was a non-exempt employee and subject to the provisions of the Fair Labor Standards Act as it pertains to whether or not Plaintiff was entitled to overtime pay for all hours over forty (40) hours worked in a given week.

25. The Fair Labor Standards Act requires that employees be paid an overtime premium at a rate not less than one and one-half (1 ½) times the regular rate at which they are employed for all hours in excess of forty (40) hours in a work week.

26. Plaintiff was not been paid overtime compensation under the Fair Labor Standards Act at a rate of 1 ½ their regular rate of pay.

27. Plaintiff was not been paid minimum wages for every week that she worked for Defendant.

28. The acts of the Defendant constitutes a willful intentional violation of the Fair Labor Standards Act.

## COUNT ONE - RETALIATION

29.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 28 above as if fully incorporated herein.

30.     Plaintiff was retaliated against by the Defendant by being terminated after filing a complaint with the Department of Labor Wage and Hour Division for not receiving wages from October, 2016, through July, 2017.

31.     Plaintiff has been harmed as a result of this retaliation, and the Defendant is liable to Plaintiff for the same under the terms on conditions of the Fair Labor Standards Act.

## COUNT THREE - BREACH OF CONTRACT - FAILURE TO PAY ALL WAGES AGREED TO

32.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 31 above as if fully incorporated herein.

33.     Defendant, did knowingly, willfully, and intentionally breach Plaintiff's employment contract.

34.     As direct and proximate result of Defendant's breach, Plaintiff suffered and continues to suffer lost earnings and benefits, emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, and inconvenience.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1.     Unpaid minimum wages;
2.     Liquidated damages;
3.     Back wages;

4. Overtime wages;

5. Future wages or reinstatement;

6. Compensatory damages;

7. Punitive damages;

8. Attorney's fees;

9. Cost and expenses, and

10. Such further relief as is deemed just and proper.

This the 7th Day of November, 2017.

          Respectfully submitted,

          LINDA BINGHAM, PLAINTIFF

By: _____
          Louis H. Watson, Jr. (MB# 9053
          Nick Norris (MB#101575)
          Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216
Telephone:   (601) 968-0000
Facsimile:   (601) 968-0010
Email: louis@watsonnorris.com
Web: www.watsonnorris.com